UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERROL JOSEPH SCORZA, IV, | ) | Case No. CV 13-9455-PA (RNB) |
| Petitioner, | ) ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| WARDEN KIM HOLLAND, | ) ) | |
| Respondent. | ) ) | |

    The Court has reviewed petitioner's First Amended Petition ("FAP"), filed herein on February 3, 2014.

    Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1

(9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the First Amended Petition that petitioner has not exhausted his state remedies with respect to the fourth ineffective assistance of counsel claim alleged in Ground Two or with respect to Grounds Eight, Nine, and Ten. According to the FAP, all of those claims were presented to the California Supreme Court for the first time in a habeas petition that currently is pending.

Accordingly, petitioner's inclusion of those claims in the FAP renders the FAP a "mixed petition" containing both exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that

petitioner's unexhausted claims are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose , 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78. Here, petitioner has not even requested that the Court hold the FAP in abeyance until after he exhausts his state remedies with respect to his unexhausted claims, let alone purported to make the three necessary showings under Rhines.

Per Rhines, where the petitioner has presented the district court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the district court must "allow the petitioner to delete the unexhausted claims and to proceed with

the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." See Rhines, 544 U.S. at 278; see also Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. Jan. 3, 2013).

IT THEREFORE IS ORDERED that, on or before **March 10, 2014**, petitioner either (a) file a formal stay-and-abeyance motion if he believes he can make the requisite three showings; or (b) show cause in writing, if any he has, why this action should not be dismissed without prejudice for failure to exhaust state remedies unless petitioner withdraws his unexhausted claims.

DATED:     February 5, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE